**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KARL LOUIS GUILLEN, | No. 12-16298 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00226-JWS |
| v. | |
| QUINCY OWENS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding[**]

Submitted May 13, 2014[***]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Former Arizona state prisoner Karl Louis Guillen appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging due process,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable John W. Sedwick, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Eighth Amendment, and retaliation claims relating to his confinement in administrative segregation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Guillen's retaliation claim because Guillen's allegations were conclusory and Guillen failed to allege facts showing that defendants transferred him to a supermax prison because of his protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a retaliation claim in the prison context).

The district court properly granted summary judgment on Guillen's claim that his confinement in administrative segregation on false charges violated his due process rights because Guillen failed to raise a genuine dispute of material fact as to whether the segregated confinement created a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (concluding that "discipline in segregated confinement did not present the type of atypical, significant deprivation" required to create a liberty interest).

The district court properly granted summary judgment on Guillen's claim that his indeterminate detention in administrative segregation violated his due

process rights because Guillen failed to raise a genuine dispute of material fact as to whether prison officials afforded him all of the process he was due under the Fourteenth Amendment. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01, 1104 (9th Cir. 1986) (explaining that due process requires certain minimal procedures, and noting that some sort of periodic review of an inmate's continued segregated confinement is necessary), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Bruce*, 351 F.3d at 1287. To the extent that defendants may have failed to conduct timely periodic reviews, the district court properly granted summary judgment on the basis of qualified immunity under the unique facts of this case. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

The district court properly granted summary judgment on Guillen's Eighth Amendment conditions of confinement claims because Guillen failed to raise a genuine dispute of material fact as to whether he was placed in substantial risk of serious harm by his temporary placement in a cell that was too warm or by his confinement in indefinite administrative segregation. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. . . .").

12-16298

The district court did not abuse its discretion by granting summary judgment without ordering further discovery because Guillen did not establish how additional discovery would have affected the disposition of his case. *See* Fed. R. Civ. P. 56(d); *Barona Grp. of the Capitan Grande Band of Mission Indians v. Am. Mgmt. & Amusement, Inc.*, 840 F.2d 1394, 1399-1400 (9th Cir. 1987) (setting forth standard of review and noting that in making a motion for further discovery a movant must show specific facts he hopes to discover and how those facts would preclude summary judgment).

The district court did not abuse its discretion in denying Guillen's motion for relief from judgment because Guillen failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

We do not consider matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**